IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| GE COMMERCIAL DISTRIBUTION FINANCE LLC a Delaware Limited Liability Company, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 8:15-3978-HMH |
| vs. | ) ) ) | **OPINION & ORDER** |
| OCONEE IMPLEMENT CO., INC., a South Carolina corporation, | ) ) ) ) | |
| Defendant. | ) | |

This matter is before the court on the Plaintiff's motion for immediate possession of collateral pursuant to S.C. Code Ann. § 15-69-50[1] or, in the alternative, a restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure. The Plaintiff has also filed a verified complaint and the affidavit of Amanda Jost in support of its motion.

After review of the record, it appears from the affidavit and the verified complaint that:

1. Defendant is in default under the Inventory Financing Agreement ("Security Documents") for failing to make payments when due as required by the Security Documents. Despite its requirement under the Security Documents, Defendant has refused to surrender the collateral.

---

[1] Rule 64 of the Federal Rules of Civil Procedure provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."

1

2. Pursuant to S.C. Code Ann. § 15-69-50, Plaintiff, contemporaneous with the filing of the complaint, furnished a bond in the amount of $183,088, which is equal to double the value of the remaining inventory of Defendant, estimated to be worth no more than $91,543.57.

3. Because there is a probability that the Inventory, as more specifically defined in Exhibit C of the affidavit of Amanda Jost, is in immediate danger of being destroyed, concealed or otherwise wrongfully disposed by Defendant and/or other possessors of the inventory, Plaintiff, pursuant to S.C. Code Ann. § 15-69-50, is entitled to the immediate possession of the inventory.

4. The Court finds that Plaintiff will be harmed if Defendant and/or persons under their control retain possession of the inventory because of the opportunity afforded to Defendant to continue to dispose, conceal or otherwise transfer the inventory without making payments to Plaintiff.

5. The inventory of Defendant is in jeopardy and it is appropriate that an Order for Immediate Possession be given.

It is therefore

**ORDERED** that:

(a) Defendant and any person in possession or control of the inventory of Defendant, are hereby ordered to surrender and otherwise cause turnover of possession of the inventory to law enforcement or to Plaintiff upon service of this Order. Pursuant to S.C. Code Ann. § 15-69-180, if the inventory of Defendant is concealed in a building or enclosure, law enforcement shall publicly demand delivery. If the inventory of Defendant is not then delivered and if entry into the building or enclosure is denied, law enforcement shall cause the building or enclosure to be broken open to take the inventory of Defendant into their possession. If

necessary, law enforcement may call to their aid the power of their county. If Defendant, or anyone in possession, cannot be located for personal service of this Order, a copy of this Order may be affixed to the front door of the residence or premises where the inventory of Defendant is located to notify Defendant or other possessors that the inventory of Defendant is being seized.

(b)     Should the inventory be located at a place other than the Defendant's principal place of business of 321 W. Windsor Street, Westminster, South Carolina 29693, Defendant, their agents, employees, principals, attorneys or likewise, any person in possession or control of the Inventory, or anyone acting in concert with the aforementioned, are hereby ordered to disclose to the Plaintiff and law enforcement the whereabouts of the Inventory and otherwise assist and cause the Sheriffs and Plaintiff to come into possession of the Inventory.

(c)     Law enforcement are hereby authorized, to take immediate possession of the Inventory, pursuant to the within claim and delivery action, upon service of process upon Defendant, and to give possession to Plaintiff to be disposed of by Plaintiff in accordance with its rights and the law.

(d)     A post-seizure hearing is scheduled for Wednesday, September 30, 2015, at 2:00 p.m.

                                                        s/Henry M. Herlong, Jr.
                                                        Senior United States District Judge

Greenville, South Carolina
September 25, 2015